UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY PEREZ Infant, by Mother and Legal Guardian KATHERINE PEREZ individually | Civil Action Number: |
| -against- | COMPLAINT FOR DAMAGES |
| THE CITY OF NEW YORK and POLICE OFFICER JOHN AND JANE DOES 1-10<br>                    Defendants | Jury Trial Demanded |

Plaintiff JEREMY PEREZ Infant, by Mother and Legal Guardian KATHERINE PEREZ individually, by his attorneys Law Office of Edward J. Muccini PC, as and for his Complaint, hereby alleges as follows, upon information and belief:

## JURISDICTION AND VENUE

1. This court has original jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343(a)(3)-(4) because plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. Section 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This court has supplemental jurisdiction over Plaintiff's claims arising under State law pursuant to 28 U.S.C. Section 1367(a) and because those claims are so related to the Federal claims that they form part of the very same controversy under Article III of the United States Constitution.

## INTRODUCTION

2. This civil rights and state tort action seeks compensatory and punitive damages from defendants for violating various rights under the United States Constitution and state law in connection with the assault of Jeremy Perez on August 27, 2021.

# PARTIES

3. At all relevant times JEREMY PEREZ was and is an individual under the age of 18 residing in New York County, City and State of New York.

4. At all relevant times, KATHERINE PEREZ was and is JEREMY PEREZ's mother and legal guardian and sues in both her individual capacity as the mother of JEREMY PEREZ and in a representative capacity as legal guardian.

5. At all relevant times hereinafter mentioned, defendant City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

6. At all relevant times hereinafter mentioned, Defendants POLICE OFFICERS JOHN AND JANE DOE 1-10 (hereinafter "DOE Officers") are police officers for the NYPD and were acting under color of law within the course and scope of their duties as officers for the NYPD at all relevant times. Also at all relevant times, the DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY OF NEW YORK.

7. At all relevant times hereinafter mentioned, Defendants DOE Officers are police officers for the NYPD and or managerial and supervisory officers of the NYPD and were acting under color of law within the course and scope of their duties as officers for the NYPD at all relevant times. Also at all relevant times, the DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY OF NEW YORK.

8. In doing the acts and failure to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the Defendant CITY OF NEW YORK.

9. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOE Officers, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff may seek leave to amend this Complaint to show the true names and capacity of these defendants when they have been ascertained and no information comes to light. Each of the fictitiously named defendants is responsible in some manner for the conduct or liabilities alleged herein.

10. And all times mentioned her in, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

11. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, service, and/or employees, all of whom at all relevant times here and were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

12. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

13. A Notice of Claim was timely served by the plaintiff upon the defendant City of New York.

**FACTS COMMONS TO ALL CLAIMS FOR RELIEF**

14. On or about August 27, 2021 at approximately 8:00 PM on 35 Thayer St., New York, New York Jeremy Perez, who was sixteen years old, was sitting in a motor vehicle in the back seat playing music.

15. DOE officers approached the door of the vehicle, opened the back door of the vehicle and violently and forcibly grabbed Jeremy Perez pulled his body out of the vehicle onto the ground.

16. DOE Officers began punching Jeremy Perez in the face and head multiple times while other officers grabbed Jeremy Perez' arms to handcuff him, rendering him helpless to defend himself. The punches from the officers collided with the head and face of Jeremy Perez causing injury, pain and suffering.

17. DOE Officers 1-10 also violently and with unnecessary and excessive force applied their full body weight on to Jeremy Perez with their knees and legs causing injury, pain and suffering to Jeremy Perez.

18. At all relevant times, Jeremy Perez was unarmed and did not pose any immediate threat of injury to the DOE Officers.

19. At all relevant times, Jeremy Perez had committed no crime nor was he suspected of committing a crime and the DOE Officers had no legal reason to drag Jeremy Perez out of a vehicle onto the ground, punch him in the face, use excessive force to handcuff him and place him under arrest using excessive force.

20. At all relevant times, Jeremy Perez was not formally charged with a crime or offense.

21. DOE officers were aware of their own misconduct and/or that of each other, yet, at no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the illegal, unlawful and unconstitutional conduct engaged in by their fellow officers.

22. That at all times relevant herein, the defendants were acting within the scope of their employment, under color of law and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

**Fourth Amendment-Detention and Arrest (42 U.S.C. Section 1983)**

23. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-22 of this Complaint with the same force and effect as if fully set forth herein.

24. DOE Officers detained Jeremy Perez without reasonable suspicion and arrested him without Probable Cause.

25. When DOE Officers assaulted Jeremy Perez and placed him in handcuffs, they violated Jermey Perez' his right to be secure in his person against unreasonable searches and seizures is guaranteed to Jeremy Perez under the Fourth Amendment to the United States Constitution and applied to State actors by the 14th Amendment.

26. The conduct of DOE Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Jeremy Perez and therefore warrants the imposition of exemplary and punitive damages as to DOE Officers.

27. As a result of their misconduct, Defendant DOE Officers are liable for Jeremy Perez's injuries either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

28. KATHERINE PEREZ brings this claim as the legal guardian of Jeremy Perez her minor child and seeks compensatory and punitive damages for the violation of her son's rights and also seeks attorney's fees.

## SECOND CAUSE OF ACTION

**Fourth Amendment-Excessive Force (42 U.S.C. Section 1983)**

**(Against DOE OFFICERS)**

29. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-28 of this Complaint with the same force and effect as if fully set forth herein.

30. Defendant DOE Officers used excessive force against Jeremy Perez when they assaulted him. Defendant officers unjustified assault of Jeremy Perez deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Jeremy Perez under the 14th Amendment to the United States Constitution and applied to State actors by the 14th Amendment.

31. As a result of the foregoing, Jeremy Perez suffered great physical pain and emotional distress during and after the time of the assault, pain and suffering, loss of enjoyment of life, and humiliation.

32. The conduct of the officers was willful, wanton, malicious, and done with reckless disregard for the rates and safety of Jeremy Perez and therefore warrants the imposition of exemplary and punitive damages as to the Defendant DOE Officers.

33. The assault was excessive and unreasonable especially because Jeremy Perez posed no immediate threat of death or bodily injury at the time of the incident. Further, Defendant officers by using excessive force violated their training and standard police officer training.

34. KATHERINE PEREZ brings this claim as the legal guardian of Jeremy Perez her minor child and seeks compensatory and punitive damages for the violation of her son's rights and also seeks attorney's fees.

## THIRD CAUSE OF ACTION
### (State Law Claims of False Imprisonment)

35. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-34 of this Complaint with the same force and effect as if fully set forth herein.

36. Plaintiff was subjected to false imprisonment and the denial of due process by the conduct of the DOE Officers.

37. The DOE Officers intended to illegally detain Jeremy Perez.

38. Jeremy Perez was aware of the illegal detention and imprisonment and did not consent or agree to it.

39. At no time did the defendant DOE Officers have any legal basis for imprisoning Jeremy Perez, or using force or excessive force against him nor was there any reasonable basis to believe that said conduct by DOE Officers was lawful, reasonable or otherwise appropriate.

40. The officers are therefore liable under state law to Jeremy Perez for false imprisonment and the denial of due process.

41. Defendant city of New York is vicariously liable to Jeremy Perez for the acts of its employees and agents.

42. KATHERINE PEREZ brings this claim as the legal guardian of Jeremy Perez her minor child and seeks compensatory and punitive damages for the violation of her son's rights and also seeks attorney's fees.

## FOURTH CAUSE OF ACTION
### Substantive Due Process (42 U.S.C. Section 1983)
### (Against Defendant DOE OFFICERS)

43. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-42 of this Complaint with the same force and effect as if fully set forth herein.

44. Katherine Perez and Jeremy Perez have a cognizable interest under the due process clause of the 14th amendment of the United States Constitution to be free from state actions that deprive them of life, liberty or property in such a manner as to shock the conscience.

45. The aforementioned actions of DOE Officers along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Jeremy Perez and with the intent to harm Jeremy Perez unrelated to any legitimate law-enforcement objective.

46. As a direct and proximate result of these actions, Jeremy Perez experienced pain and suffering. The DOE Officers violated the substantive due process rights of Jeremy Perez to be free from unwarranted interference with his right to life, liberty and property.

47. The conduct of the officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Jeremy Perez and therefore warrants the imposition of exemplary and punitive damages as to the defendant DOE Officers.

48. KATHERINE PEREZ brings this claim as the legal guardian of Jeremy Perez her minor child and seeks compensatory and punitive damages for the violation of her son's rights and also seeks attorney's fees.

### FIFTH CAUSE OF ACTION
**Municipal Liability-Failure to Train (42 U.S.C. Section 1983)**
**(Against Defendants CITY OF NEW YORK and DOE Officers 1-10)**

49. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-48 of this Complaint with the same force and effect as if fully set forth herein.

50. Defendants DOE Officers acted under color of law.

51. The acts of the DOE Officers deprived Jeremy Perez of their particular rights under United States Constitution.

52. The training policies of the defendant City of New York were not adequate to train its officers to handle the usual and recurring situation with which they must deal.

53. The defendant City of New York was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

54. The failure of the Defendant City of New York to provide adequate training caused the deprivation of Jeremy Perez' rights by Defendant DOE Officers; that is Defendant CITY OF NEW YORK failure to train is so closely related to the deprivation of Jeremy Perez' right as to be the moving force that causes the ultimate injury.

55. Upon information of belief, the City of New York failed to train the DOE Officers properly inadequately.

56. Accordingly, the aforementioned acts and omissions caused Jeremy Perez pain and suffering, loss of enjoyment of life, and physical and emotional injury.

57. Accordingly, the defendant City of New York and DOE Officers each are liable to Jeremy Perez and Katherine Perez his legal guardian for compensatory damages under 42 U.S.C 1983.

58. KATHERINE PEREZ brings this claim as the legal guardian of Jeremy Perez her minor child and seeks compensatory and punitive damages for the violation of her son's rights and also seeks attorney's fees.

## SIXTH CAUSE OF ACTION
**Municipal Liability-Unconstitutional Custom or Policy (42 U.S.C. 1983)**
**(Against Defendants City of New York and DOE Officers)**

59. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-58 of this Complaint with the same force and effect as if fully set forth herein.

60. Defendant DOE Officers acted under color of law.

61. Defendant DOE Officers acted pursuant to expressly adopted official policy or a long-standing practice or custom of the Defendant City of New York.

62. Upon information and belief, Defendant DOE Officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the assault of Jeremy Perez.

63. Defendant City of New York and DOE Officers together with other New York City policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies: Using excessive force including assault, battery, excessive deadly force: Providing inadequate training regarding the use of force and excessive: Employing and retaining as police officers individuals such as defendant DOE Officers whom the City of New York at all time material here in knew or reasonably should have known the dangerous propensities for abusing their authority and for using excessive force: Inadequately supervising, training, controlling, assigning, and disciplining New York City officers, and other personnel, including defendant DOE officers, whom defendant New York City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits: maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by New York City officers, defendant DOE officers; Failing to adequately discipline New York City police officers, including defendant DOE officers, for the above referenced categories of misconduct, including "slaps on the wrist", discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other in adequate discipline that is tantamount to encouraging misconduct: Encouraging accommodating, or facilitating a "blue code of silence", "blue shield", "blue wall", "blue curtain", "blue veil" or simply code of silence pursuant to which officers do not report other officers errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other

officers wrongdoing. Maintaining a policy of inaction and attitude of indifference toward soaring numbers of police shootings and beatings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in assault and beatings of unarmed people. By reason of the aforementioned action omissions, the Jeremy Perez has suffered pain and suffering, loss of enjoyment of life and physical and emotional injury and humiliation.

64. Defendants City of New York and DOE Officers together with various other officials, where their names are or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and interactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable affect and consequences of these policies with respect to the Constitutional rights of Jeremy Perez and other individual similarly situated.

65. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, police officers acted with intentional, reckless, and callous disregard for the physical safety of Jeremy Perez and Jeremy Perez' Constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by the Defendant City of New York and officers are affirmatively linked to and were a significantly influential force behind the assault and battery and injuries to Jeremy Perez.

66. Accordingly, the Defendant city of New York and DOE Officers each are liable to the plaintiff for compensatory damage under 42 U.S.C. 1983.

67. KATHERINE PEREZ brings this claim as the legal guardian of Jeremy Perez her minor child and seeks compensatory and punitive damages for the violation of her son's rights and also seeks attorney's fees.

### SEVENTH CAUSE OF ACTION
### BATTERY
### (Against Defendant City of New York and DOE Officers 1-10)

68. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-67 of this Complaint with the same force and effect as if fully set forth herein.

69. DOE Officers, while working as police officers for the City of New York, and acting within the course and scope of their duties, intentionally assaulted and battered Jeremy Perez and used unreasonable and excessive force against him. As a result of the actions of the DOE officers Jeremy Perez suffered severe pain and suffering and humiliation. Officers had no legal right or justification for using force against Jeremy Perez, and their use of force while carrying out their duties of police officers was an unreasonable and a privileged use of force.

70. As a direct and proximate result of the conduct of officers as alleged above, Jeremy Perez sustained physical and emotional injuries.

71. New York City is vicariously liable for the wrongful acts of defendant officers pursuant to state law.

72. The conduct of officers was malicious, wanton, oppressive and accomplished with a conscious disregard for the rights of Jeremy Perez entitling plaintiff and Jeremy Perez to an award of exemplary and punitive damages as to defendant police officers.

73. KATHERINE PEREZ brings this claim as the legal guardian of Jeremy Perez her minor child and seeks compensatory and punitive damages for the violation of her son's rights and also seeks attorney's fees.

DEMAND FOR A JURY TRIAL

54.  Wherefore, plaintiff Katherine Perez, and Jeremy Perez, request entry of judgment in their favor and against the Defendants City of New York and DOE Officers 1 through 10 inclusive as follows:

   a. For compensatory damages and whenever amount may be proven a trial;

   b. For punitive damages against the individual defendants in an amount to be proven a trial.

   c. For Statutory Damages.

   d. For reasonable attorney's fees, including litigation expenses;

   e. For cost of suit and;

   d. And such other relief as the Court deems just and proper.

Dated: November 9, 2022
       Queens, New York

*/s/ Edward J. Muccini*
Edward J. Muccini
LAW OFFICE OF EDWARD J. MUCCINI PC
24203 Northern Blvd
Douglaston, New York 11363
T: (718) 225-0205
Edwardmuccini@gmail.com